IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NAGI YOUSSEF, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| | : | |
| ANVIL INTERNATIONAL, et al., | : | |
| | : | |
| Defendants. | : | NO. 06-4926 |

**MEMORANDUM**

**Baylson, J.**                                                                                          **March 3, 2008**

**I.   Introduction**

On November 7, 2006, Plaintiff Nagi Youssef ("Youssef") filed an action before this Court alleging workplace discrimination on the basis of race, ethnicity and national origin. Youssef named six defendants ("Defendants") who collectively moved for partial dismissal of the Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). (See Doc. No. 10). This Court granted in part and denied in part Defendants' partial motion to dismiss, allowing four of Youssef's claims to proceed against all named defendants and dismissing three of Youssef's claims in their entirety.[1]

Presently before the Court are Youssef's Motion for Reconsideration (Doc. No. 22) and Defendants' Cross Motion for Reconsideration (Doc. No. 24). Youssef argues that one of the dismissed claims, the Title VII claim, should not have been dismissed. To support his argument,

---

[1] A more detailed description of Youssef's claims as well as the facts of the case is available at Doc. No. 20.

-1-

Youssef has submitted, for the first time, a Right-to-sue letter from the EEOC (see Exh. A to Doc. No. 22).  For their part, Defendants contend that one of Youssef's claims that was not dismissed, the claim that Defendants violated the Pennsylvania Human Relations Act ("PHRA"), should in fact have been dismissed.

## II.     Standard of Review

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.  Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171, 106 S. Ct. 2895, 90 L. Ed. 2d 982 (1986)).  A court should grant a motion for reconsideration only "if the moving party establishes one of three grounds: (1) there is newly available evidence; (2) an intervening change in the controlling law; or (3) there is a need to correct a clear error of law or prevent manifest injustice."  Drake v. Steamfitters Local Union No. 420, No. 97-585, 1998 WL 564486, *3 (E.D. Pa. Sept. 3, 1998) (citing Smith v. City of Chester, 155 F.R.D. 95, 96-97 (E.D. Pa. 1994)).  "Because federal courts have a strong interest in finality of judgments, motions for reconsideration should be granted sparingly."  Continental Casualty Co. v. Diversified Industries, Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

## III.    Parties' Contentions

### A.     Title VII Claim

This Court previously dismissed Youssef's Title VII claim because Youssef had not illustrated that he received a right-to-sue letter from the EEOC and thus had not illustrated that he exhausted his administrative remedies.  As noted above, Youssef now submits such a right-to-sue letter and argues that this Court should therefore permit the Title VII claim to proceed.

Defendants argue that because Youssef did not receive the right-to-sue letter <u>prior</u> to filing this lawsuit, he failed to exhaust his administrative remedies as to the Title VII claim, and the Title VII claim was properly dismissed. The parties effectively dispute whether Youssef's recent submission of a right-to-sue letter cures the initial defect in his pleadings.

    **B.**    **PHRA Claim**

This Court denied Defendants' motion to dismiss the PHRA claim because Youssef had exhausted his administrative remedies as to that claim. Also, the Court found that Youssef complied with the PHRA's requisite one-year waiting period since he filed his Amended Complaint after the one-year waiting period had expired.

Defendants argue that the date the Amended Complaint was filed should not govern. According to Defendants, the date of the original complaint should be used in assessing whether Youssef complied with the one-year waiting period. Youssef responds that an amended complaint is a complete substitute for an original complaint and that the date of the amended complaint indeed governs for purposes of evaluating whether a plaintiff complied with the PHRA.

**IV.**    **Discussion**

    **A.**    **Title VII Claim and Right-to-sue Letter**

To properly make a Title VII claim, a plaintiff must first exhaust his/her administrative remedies by filing a claim with the Employment Opportunity Commission ("EEOC") and receiving a right-to-sue letter from that agency. <u>See</u> 42 U.S.C. § 2000e; <u>A.W. v. Jersey City Public Schools</u>, 486 F.3d 791, 804 FN 15 (3d Cir. 2007). "[A] 'right-to-sue letter' will follow an

exhaustion of agency remedies; notice of the latter being the actual prerequisite to a Title VII lawsuit."  Ebbert v. DaimlerChrysler Corp., 319 F.3d 103, 115 FN 14 (3d Cir. 2003).

Youssef filed a claim with the EEOC, but he had not received his right-to-sue letter before he initiated this lawsuit.  Furthermore, as noted above, by the time this Court considered Defendants' Motion to Dismiss, Youssef still had not submitted a right-to-sue letter from the EEOC.  Therefore, this Court dismissed Youssef's Title VII claim.  However, Youssef now submits a right-to-sue letter along with his Motion for Reconsideration.  This letter qualifies as "newly available evidence," and the Court will consider it.  See Drake, 1998 WL 564486 at *3.

The question becomes whether Youssef's failure to obtain and provide the right-to-sue letter prior to initiating the lawsuit is a curable defect; the Third Circuit has held that it is.  "The Third Circuit has held that issuance of a right-to-sue letter is a statutory requirement that does not deprive a district court of jurisdiction and may be satisfied by issuance of the letter after the complaint has been filed."  Tlush v. Manufacturers Resource Center, 315 F. Supp.2d 650, 655 (E.D. Pa. 2002) (emphasis added) (citing Gooding v. Warner-Lambert Co., 744 F.2d 354, 358 (3d Cir. 1984).  See also Molthan v Temple University, 778 F.2d 955, 960 (3d Cir. 1985) (holding that district court did not abuse discretion in considering retlaiation claim where EEOC issued right-to-sue letter after complaint was filed but before trial began.)[2]

Defendants ignore Tlush and the cases it cites, and instead rely on Burgh, where the Third

---

[2] The Supreme Court recently emphasized that it should not be difficult for laypersons to meet the requirements for filing both age discrimination and Title VII complaints.  Federal Express Corp. v. Holowecki, 2008 WL 508018 (Feb. 27, 2008) ("The ADEA, like Title VII, sets up a 'remedial scheme in which laypersons, rather than lawyers, are expected to initiate the process.'  The system must be accessible to individuals who have no detailed knowledge of the relevant statutory mechanisms and agency processes.") (Internal citations omitted.)

Circuit stated that "[a] complainant may not bring a Title VII suit without having first received a right-to-sue letter." Burgh v. Borough Council of the Borough of Montrose, 251 F.3d 465, 470 (3d Cir. 2001). Defendants do not seem to recognize that the Third Circuit later clarified Burgh. "It is, however, misleading to suggest that Burgh makes receiving a 'right-to-sue letter' a prerequisite to a Title VII suit." Ebbert, 319 F.3d at 115 FN 14. Defendants' counsel should have found and cited Ebbert. As noted above, a right-to-sue letter is a recognition that a plaintiff exhausted his/her administrative remedies, and the exhaustion of remedies is the actual prerequisite for the lawsuit. Id.

Given that Youssef has now submitted a right-to-sue letter, this Court grants Plaintiff's Motion for Reconsideration, and his Title VII claim will be reinstated.

    **B.**    **PHRA Claim and One-Year Waiting Period**

Similarly to Title VII, the PHRA requires that claims be brought before an administrative agency, the Pennsylvania Human Rights Commission ("PHRC"), prior to filing a lawsuit. See Burgh, 251 F.3d at 471; 43 P.S. § 962(c)(1). After filing with the PHRC, a complainant must wait one year before filing an action in court. Id.

According to the pleadings, Youssef filed two complaints with the PHRC, the first on or about September 12, 2005, and the second on or about November 15, 2005. Youssef filed the original Complaint in this lawsuit on November 7, 2006, eight days before the one-year waiting period ended. However, Youssef filed his Amended Complaint on February 9, 2007, significantly after the one-year waiting period expired. In refusing to dismiss Youssef's PHRA claim, this Court found that the date and contents of the Amended Complaint governed, and that

as a result, Youssef satisfied the requisite one-year waiting period.  Defendants now move for reconsideration, arguing that the filing date of the original Complaint should govern for purposes of assessing whether Youssef complied with the waiting period.  Defendants do not argue that they meet the standards for reconsideration, discussed above.  Nor do Defendants cite any law in support of their contention that the date of the original Complaint should govern.

As discussed in its Memorandum of November 28, 2007 (Doc. No. 20), this Court finds that the date and contents of the Amended Complaint govern.  See also Atwell v. Lavan, 2005 WL 2234646 (E.D. Pa. Sept. 14, 2005) ("An amended pleading supercedes the last pleading which becomes ineffective.")  When Youssef filed his Amended Complaint, he had satisfied the one-year waiting period and exhausted his administrative remedies pursuant to the PHRA.

## V.      Conclusion

For the reasons stated above, Plaintiff's Motion for Reconsideration will be granted and Defendants' Cross-Motion for Reconsideration will be denied.  Youssef's Title VII claim will be reinstated.  An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NAGI YOUSSEF, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| | : | |
| ANVIL INTERNATIONAL, et al., | : | |
| | : | |
| Defendants. | : | NO. 06-4926 |

**ORDER**

AND NOW, this 3rd day of March, 2008, it is hereby ORDERED that Plaintiff's Motion for Reconsideration (Doc. No. 22) is GRANTED and Defendants' Cross-Motion for Reconsideration (Doc. No. 24) is DENIED. Plaintiff's Title VII Claim (Count II) is reinstated.

BY THE COURT:

   s/Michael M. Baylson

Michael M. Baylson, U.S.D.J.

O:\CIVIL\06-4926 Youssef v. Anvil\06-4926 Youssef v. Anvil Mot. for Reconsideration Memo.wpd