IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NAGI YOUSSEF : | |
|     Plaintiff, : | |
| : | CIVIL ACTION NO. |
|     v. : | 06-4926 |
| : | |
| ANVIL INTERNATIONAL, INC., et al. : | |
|     Defendant. : | |

**PLAINTIFF'S PRETRIAL MEMORANDUM**

Plaintiff reserves the right to amend, supplement or revise this pretrial memorandum before trial and in accordance with the Court's directives.

I.  **NATURE OF CASE AND JURISDICTION**

Plaintiff is a dark-skinned male born in Egypt. Plaintiff is of Middle Eastern nationality/ethnicity. Plaintiff was a seasoned, experienced and qualified millwright working for thirteen (13) years in the Maintenance Department for Defendant Anvil International, Incorporated, headquartered in New Hampshire.

On September 12, 2005, the Plaintiff filed a local agency discrimination complaint with the Lancaster County Human Relations Commission (LCHRC) that he was discriminated against and unfairly denied promotions. The complaint was dual filed with the Pennsylvania Human Relations Commission (PHRC) and Equal Employment Opportunity Commission (EEOC). On or about November 8, 2005, the defendants received actual notice of the plaintiff's complaint filed with LCHRC. Immediately thereto the plaintiff was suspended for false allegations of refusing to fix Machine No. 72. He was fired two days later, November 10, 2005.

The plaintiff was a hard-working, dedicated employee with no prior disciplinary record. Plaintiff filed a subsequent complaint with LCHRC for additional claims of discrimination,

-2-

retaliation and wrongful discharge. Again, the complaint filed with LCHRC was dual filed with the PHRC and EEOC. The Lancaster County Human Relations Commission issued the plaintiff his requisite one (1) year letters that he may file a lawsuit. The Lancaster County Human Relations Commission made a determination of Probable Cause of Discrimination and Probable Cause of Retaliation in favor of the plaintiff.

The Plaintiff timely filed his federal civil complaint against his former employer and named management pleading claims and protections under the Civil Rights Act of 1866; Section 1981 (Section 1981) at Count I and pleading claims and protections under Title VII of the Civil Rights Act of 1964, as amended (Title VII) at Count II and pleading claims and protections under the Pennsylvania Human Relations Act (PHRA) at Count III and pleading claims and protections under the Lancaster County Human Relations Act (LCHRA) at Count IV and pleading tort claims for wrongful discharge at Count V, Defamation at Count VI and negligent supervision of employees at Count VII.

On November 28, 2007, the Court ruled on the Defendants' motion for partial dismissal. The Court granted the motion to dismiss Count II (Title VII), Count V (Wrongful Discharge) and Count VII (Negligent Supervision).

On March 3, 2008, the Court granted the Plaintiff's motion for reconsideration and reinstated Count II for claims under Title VII of the Civil Rights Act of 1964, as amended.

Defendants filed a motion for summary judgment. On December 22, 2008, the Court heard oral argument regarding the Defendant's motion for summary judgment. The Court advised that summary judgment would be denied, at least in part. Trial is scheduled for the jury pool beginning February 10, 2009.

Witness Gary Emenheiser was deposed on January 9, 2009.

Original jurisdiction founded on the existence of a question arising under particular statutes. The action arises under Title VII of the Civil Rights Act of 1964, as amended and under the Civil Rights Act of 1866; Section 1981 (Section 1981). Jurisdiction founded upon principals pursuant to 28 U.S.C. Section 1367 that authorizes the Court to supplemental jurisdiction over any claims against parties that are part of the same controversy as the claim that provides the basis for the Court's original jurisdiction.

## II.   STATEMENT OF THE CASE

Plaintiff was born in Egypt. He is Middle Eastern. He received a Bachelor of Science, 1980, awarded by Alexandria University, following a five-year program in mechanical engineering with a specialization in power with a grade GOOD. The World Education Services determined that Plaintiff has the equivalent of a bachelor's degree with a major in mechanical engineering awarded by a regionally accredited institution in the United States.

Plaintiff was a trained, educated and experienced mechanical engineer. He worked as a mechanical and electrical engineer in Egypt at the Shana Sulphur Company and Pief Plast and Ayoubco S.B. The plaintiff supervised employees at Shana Sulphur Company during his employment from 1984 through 1989.

Plaintiff and his wife came to the United States to raise their family. February 1994, the Plaintiff was hired to work as a millwright in the maintenance department then Grinnell Corporation, now known as Anvil International Incorporated (hereafter referred to as 'Anvil'). A millwright at Anvil is essentially a mechanic that repairs machines contrary to a machinist who makes the parts. A millwright cannot use lathes, milling machines and surface grinders.

Defendant Larry Layman was the Plaintiff's supervisor who completed his performance

evaluations beginning in 2000. Defendant Michael Millhouse was the Maintenance Manager and Defendant Larry Layman's direct supervisor. Defendant Donald Moore was the Human Resources Manager at Anvil from 2003 through November 2005. Defendant Moore was involuntarily separate from employment at Defendant Company soon after the Plaintiff was fired.

At Anvil, Plaintiff received excellent performance evaluations that commended the Plaintiff for his willingness to take on any assignment and that he worked. Defendant Supervisor Layman presented the Plaintiff with high performance ratings but nonetheless would not advance him to a Master Millwright until the Plaintiff pursued a grievance action through the union.

The Plaintiff's credentials and high performance reviews encouraged him to seek advancement to a supervisor's position. Defendant Company does not have a formal written application for internal promotions. There are no internal postings. It is 'word of mouth'. Accordingly, beginning 2002, the Plaintiff approached management to voice his interest. Plaintiff was treated differently and disparately from other candidates. Plaintiff was required to first attend a course in supervision at Harrisburg Area Community College (HACC). Plaintiff took the course in 2004. Defendant Moore informed the Plaintiff that he would be invited to attend on-site supervisors' training but in fact the plaintiff was never invited to attend. ,

Instead, 2003, Defendants hired Steve Hatfield (Caucasian) as a supervisor. Mr. Hatfield was hired from the outside. Mr. Hatfield's performance reviews displayed deficiencies for communication and planning. Mr. Hatfield was directed to take a supervisor's course at HACC but that did not impact his supervisory status.

Again, 2004, the Plaintiff was overlooked for a Machine Shop Supervisor position that the Defendants awarded to a technician who processed paperwork. Pam Lightner (Caucasian)

-5-

did not complete an application. Ms. Lightner does not have a college degree. She has no mechanical experience or training to be a Machine Shop Supervisor. She did not operate machinery, no fabrication work; she cannot perform repairs or machine maintenance.

Plaintiff brought the disparate treatment to Union President Maris Tshudy because he was treated differently than all other applicants. It is undisputed that Plaintiff was the only employee required to take a supervisor's course at HACC before he would be considered. He took the course and still was not considered. August 2005, Defendant Moore and Defendant Millhouse met with the Plaintiff and informed him that he was not going to be considered "at any time" for a supervisor's position at Anvil. Defendant managers relied on Defendant Layman who did not recommend that the Plaintiff advance to supervisor.

Union President Maris Tshudy recommended that the Plaintiff file discrimination complaints with the governmental agencies. On September 12, 2005, the Plaintiff filed a discrimination complaint with the Lancaster County Human Relations Commission.

November 8, 2005, Defendant Moore learned of the plaintiff's discrimination complaint filed with the LCHRC. That same date, Defendant Moore notified Defendant Supervisor Layman that the plaintiff had filed a discrimination complaint with LCHRC. Defendant Layman was livid when he learned of the complaint. Union President Maris Tshudy heard Defendant Layman yell: "I'm gonna fucking fire Nagi." Defendant Layman proceeded to act irrationally and in a heated manner accused the Plaintiff of refusing to work on Machine #72 in the Tapping Area. Plaintiff did not refuse. Plaintiff attempted without success to trouble shoot Machine No. 72. Defendant Supervisor Layman refused to assist the Plaintiff. Defendant Layman falsely accused the Plaintiff of insubordination and suspended him.

**Significantly, Defendant Layman recanted prior sworn testimony before the Unemployment Compensation Referee.** Defendant Layman previously testified that the Plaintiff refused to work on Machine #72 and that the Plaintiff did not tell Defendant Layman that he tried but could not fix the machine. **Defendant Layman, at his deposition, testified to the contrary and now admits that the Plaintiff stated on November 8, 2005, that he tried but could not fix Machine #72.**

Defendant Millhouse, Defendant Moore and Union President Maris Tshudy were not present when the Plaintiff and Defendant Layman were discussing repair of Machine #72. **Defendant Millhouse, Defendant Moore and Union President Maris Tshudy relied on Defendant Layman's published falsehoods that Plaintiff refused to work on Machine #72** and that Plaintiff did not offer an explanation. Defendant Layman suspended the Plaintiff for alleged insubordination.

**No other employee has ever been disciplined for inability to fix a machine**. Defendant Moore testified that inability to fix a machine was NOT a company basis for termination. Gary Emenheiser testified at his deposition on January 0, 2009, that he observed an employee (electrician) throwing screwdrivers at his supervisor and telling his supervisor that he did not know his job. The electrician was not disciplined and the defendants subsequently promoted him.

Plaintiff had a spotless record with no disciplinary actions. There were no complaints against the Plaintiff in his personnel file. Plaintiff had never refused to do work assignments and had been commended on his performance evaluations for his willingness to take on additional assignments. On November 10, 2005, Defendant Moore, by telephone, fired the Plaintiff.

Defendant Moore did not request that the Plaintiff come into the office. The Plaintiff was fired over the telephone without union representation.

Plaintiff filed a second discrimination and retaliation complaint, including timely amended complaints, with the Lancaster County Human Relations Commission.

Racially/Ethnic charged jokes were common in the work place at Anvil and enjoyed by Defendant Layman who added jokes of his own. Defendant Layman participated in jokes about the Plaintiff's nationality and ethnicity and the Defendant Supervisor failed to correct, stop or remedy the harassment towards the Plaintiff.

There was no Equal Employment Opportunity Officer at Anvil. During the Plaintiff's employment there was no diversity training, no anti-harassment training and no EEO training. Defendant Moore did not warn Defendant Layman not to retaliate against the Plaintiff for filing good-faith discrimination complaints.

The Unemployment Compensation Board determined that the Plaintiff was credible, that he did not refuse to work on Machine #72 but was informing his Supervisor that he did not have the needed information to facilitate his work given the state of the machine. The Board found for the Plaintiff. The Board found it significant that the Claimant was not a native speaker of the English language.

The Lancaster County Human Relations Commission made a determination for the Plaintiff of Probable Cause of Discrimination and Probable Cause of Retaliation.

## III.     PLAINTIFF'S DAMAGES

Lost Wages:    2005    **$7,289.00** (based on difference from annualized Anvil 2005 earnings of $52,062)

        2006    **$47,717.00** (based on difference from annualized 2006 earnings of $52,738. and income from selling real estate)

        **To Date:**    **$55,000.**

Future Wage Losses based on differential between earnings at Anvil and earnings at QVC at **approximate $3,000. a year until expected retirement 20 years for a loss of $60,000. complicated by the economic forecast that QVC is projecting to close the Lancaster facility and plaintiff will have a wage loss of $50,000. a year so that future wage loss could be as much as $1,000.000.**

May 2006 the plaintiff paid **$1,200. out-of-pocket for real estate training and license.** Now working for Weichert Realty. Plaintiff lost $5,000. in 2006 and earned $6,000. in 2007. Plaintiff expects to earn $1,000. after expenses in 2008. The housing market has greatly declined.

Lost Benefits include lost retirement contributions for one year until eligible at QVC and lost **$1,500.**

Lost vacation: Had 3 weeks at Anvil now one week at QVC. Loss of $1,400. for 20 years for a total **$28,000.**

Compensatory damages for pain, suffering, emotional distress, embarrassment, physical distress, anguish, lost reputation

Statutory punitive damages pursuant to Title VII capped at **$300,000.**

Punitive damages pursuant to Section 1981 and tort claims at percentage of net worth for Defendant Anvil and individual defendants

Statutory Attorney's Fees and Costs

Statutory Interest

## IV.    PROPOSED WITNESSES WITH NATURE OF PROPOSED TESTIMONY

Plaintiff reserves the right to amend, delete or revise the list prior to trial.

**LIABILITY WITNESSES:**

1.    Nagi Youssef, c/o Nina B. Shapiro, Esquire, 53 North Duke Street, Suite 201, Lancaster, PA 17602. The Plaintiff shall testify regarding his employment with Defendants, job duties, work performance, applications for promotion and work demands. The Plaintiff shall testify

regarding the enforcement of company policies, retaliation, interaction with management, termination from employment and alternate job search. The Plaintiff shall testify regarding his losses and damages and charges/complaints of discrimination.

2. Paul Suor, c/o Anvil International, Inc., 1411 Lancaster Avenue, Columbia, PA 17512. The manager shall testify regarding the Plaintiff's complaints of discrimination and the defendant's answers thereto filed with the administrative agencies, including the Lancaster County Human Relations Commission. The witness shall testify regarding the operations of the Defendant Company, termination of the Plaintiff, lack of diversity training, refusal to promote the Plaintiff, supervision of the named Defendants, description of his duties overseeing the Defendant Company and description/worth of the Defendant Company.

3. Defendant Larry Layman, c/o Anvil International, Inc., 1411 Lancaster Avenue, Columbia, PA 17512. The Defendant Supervisor shall testify regarding the Plaintiff's job performance and work duties, the responsibilities of a supervisor, the complaints that Plaintiff filed with the Lancaster County Human Relations Commission, retaliation of the Plaintiff, Plaintiff's termination, the repair history for Machine #72, the work assignments for the employees, the distance between the departments, diversity training, discrimination in the workplace, promotion of the Plaintiff to supervisor, qualifications of the supervisors at Anvil, company policies and procedures and false publication that Plaintiff was insubordinate.

4. Defendant Donald Moore, c/o Anvil International, Inc., 1411 Lancaster Avenue, Columbia, PA 17512. The Defendant Human Resources Manager shall testify regarding the Plaintiff's job performance and work duties, the responsibilities of a supervisor, the complaints that Plaintiff filed with the Lancaster County Human Relations Commission, retaliation of the Plaintiff, company HR policies and practices, operations of the Defendant Company, the

Plaintiff's termination, promotions to supervisor and qualifications for supervisor, description of job at Defendant Company, wages and employment benefits, false publication that Plaintiff was insubordinate and the plaintiff's separation from employment at Anvil.

5.      Defendant Michael Millhouse, c/o Anvil International, Inc., 1411 Lancaster Avenue, Columbia, PA 17512. The Defendant Maintenance Manager shall testify regarding the Plaintiff's job performance and work duties, the responsibilities of a supervisor, the complaints that Plaintiff filed with the Lancaster County Human Relations Commission, retaliation of the Plaintiff, operations of the Defendant Company, the Plaintiff's termination and supervision of Defendant Layman, repair history for Machine No.72, work assignments for the employees, distance between the departments, lock out-tag out procedures, false publication that Plaintiff was insubordinate, diversity training, discrimination in the workplace, failure to promote Plaintiff to supervisor, qualifications of the supervisors at Anvil and company policies and procedures.

6.      Maris Tshudy, c/o 16 Kay Drive, Lancaster, PA 17603. The witness was the Union President at Anvil International, Inc. The witness shall testify regarding the Plaintiff's job performance and work duties, the responsibilities of a supervisor, retaliation of the Plaintiff, operations of the Defendant Company, company policies and procedures, the Plaintiff's termination, the qualifications for supervisor, derogatory comments made about the Plaintiff in the work place, discrimination in the work place, difference in work assignments, refusal to promote the Plaintiff, statement Maris Tshudy made to Lancaster County Human Relations Commission, interaction with Defendant Layman, wages and employment benefits at Defendant Anvil, work conditions and false publication that Plaintiff was insubordinate.

7.  Gary Emenheiser, 100 East High Street, Red Lion, PA 17304.  The former employee shall testify regarding his job description, the Plaintiff's job duties, repair of Machine #72, duties of a supervisor, contact with Defendant Layman, work conditions, racially charged jokes/ethnic smearing in the workplace, machine maintenance, machine repair, and the false publication that Plaintiff refused to fix Machine No. 72.

8.  Adrian Garcia, c/o Lancaster County Human Relations Commission, 225 West King Street, Lancaster, PA 17608.  The witness investigator shall testify regarding his investigation of the discrimination and retaliation complaints that the plaintiff filed with the Lancaster County Human Relations Commission and the determination of probable cause of discrimination and retaliation against the defendants.

9.  Robert Kim, c/o Anvil International, Inc., Corporate Office, Portsmouth, New Hampshire.  The Corporate Manager shall testify that he was the plant manager at such time that the plaintiff was suspended and fired.  The Corporate Manager shall testify that he agreed with the decision to discharge the plaintiff based on Defendant Moore's recommendation.  The Corporate Manager shall testify of the defendant company's corporate policies pertaining to discrimination and retaliation.  The Corporate Manager shall testify regarding the defendant company's net worth.  The Corporate Manager shall testify regarding the supervision of the management and supervisors working at the Anvil Plant in Lancaster, Pennsylvania.

**DAMAGES WITNESSES:**

1.  Dr. Eugene Homan, c/o 1671 Oregon Pike, Lancaster, PA 17601.  The psychologist shall testify regarding his examination of the plaintiff and the harm that the plaintiff suffered.

2.      Dr. Parke, c/o Mountville Family Practice, 2 College Avenue, Mountville, PA 17554. The Plaintiff's treating physician shall testify regarding the Plaintiff's care and treatment at Mountville Family Practice including care for diabetes, anxiety and depression.

3.      Wafaa Youssef, c/o 395 Highland Drive, Mountville, PA 17554. The plaintiff's wife. shall testify regarding the Plaintiff's physical and emotional health, effect of lost income on the family, relationship with Plaintiff and otherwise observations of the Plaintiff.

4.      David Youssef, c/o 395 Highland Drive, Mountville, PA 17554. The witness is the Plaintiff's adult son. The witness shall testify regarding his observations of the Plaintiff, effect on the family and effect on his relationship with his father.

5.      Marlene Sloat, 1848 Charter Lane, Lancaster, PA 17601. The witness shall testify regarding the report and evaluation that she prepared for Office of Vocational Rehabilitation that recorded the harm and losses that the plaintiff suffered at Anvil.

### V.      PROPOSED SCHEDULE OF EXHIBITS

**Plaintiff reserves the right to add, delete or amend prior to trial. The proposed exhibits are not necessarily in the order to be presented at trial.**

1.      Plaintiff's Certificate B.S. Mechanical Power Engineering with grade GOOD

2.      World Education Services Professional Licensing for Plaintiff

3.      Plaintiff's Certificate of Experience Shama Sulphur Co.

4.      Plaintiff's Certificate of Experience Ayoub Co.

5.      Grinnell Corporation – Plaintiff's Application and Anvil Employee Data Sheet

6.      Plaintiff's Performance Review Anvil 1995

7.      Plaintiff's Performance Review Anvil 1997

8.      Plaintiff's Performance Review Anvil 1998


9. Plaintiff's Performance Review Anvil 2000

10. Master Millwright Requirements met by Plaintiff 2000

11. Plaintiff's Performance Review Anvil 2001

12. Plaintiff's Performance Review Anvil 2002

13. Plaintiff's September 12, 2005 LCHRC Complaint No. 128-2005

14. LCHRC Notification addressed to Defendant Moore for Anvil

15. Attorney Senft November 9, 2005 Record of Appearance for Anvil

16. Anvil Answer to LCHRC Complaint No. 128-2005

17. Plaintiff's November 15, 2005 LCHRC Complaint No. 154-2005

18. Plaintiff's Second Amended Complaint LCHRC Complaints No. 128-2005, No. 154-2005

19. Anvil Answer to LCHRC Complaint No. 154-2005

20. Video-taped site inspection of Anvil International, Columbia, Lancaster County, PA

21. Site Inspection Photograph Machine No. 72

22. Site Inspection Photograph Machine Shop

23. Site Inspection Photograph Bulletin Board in Machine Shop

24. Millhouse rendered drawing of Machine Shop layout

25. Machine Shop Maintenance Work Summary November 7, 2005

26. Work Order History Comprehensive Machine No. 72 WO No. 1214127

27. Work Order History Comprehensive Machine No. 72 WO No. 1213983

28. Work Order History Comprehensive Machine No. 72 WO No. 1211866

29. Work Order History Comprehensive Machine No. 72 WO No. 1210634

30. Work Order History Comprehensive Machine No. 72 WO No. 1210347

31. Work Order History Comprehensive Machine No. 72 WO No. 1209964

32. Work Order History Comprehensive Machine No. 72 WO No. 1208721

33. Work Order History Comprehensive Machine No. 72 WO No. 1208389

34. Work Order History Comprehensive Machine No. 72 WO No. 1208178

35. Work Order History Comprehensive Machine No. 72 WO No. 1207836

36. Work Order History Comprehensive Machine No. 72 WO No. 1207518

37. Work Order History Comprehensive Machine No. 72 WO No. 1206558

38. Work Order History Comprehensive Machine No. 72 WO No. 1206432

39. Work Order History Comprehensive Machine No. 72 WO No. 1205817

40. Work Order History Comprehensive Machine No. 72 WO No. 1205761

41. Work Order History Comprehensive Machine No. 72 WO No. 1205317

42. Work Order History Comprehensive Machine No. 72 WO No. 1203844

43. Work Order History Comprehensive Machine No. 72 WO No. 1203770

44. Work Order History Comprehensive Machine No. 72 WO No. 1203720

45. Work Order History Comprehensive Machine No. 72 WO No. 1203658

46. Work Order History Comprehensive Machine No. 72 WO No. 1203544

47. Work Order History Comprehensive Machine No. 72 WO No. 1203523

48. Work Order History Comprehensive Machine No. 72 WO No. 1203485

49. Work Order History Comprehensive Machine No. 72 WO No. 1203394

50. Work Order History Comprehensive Machine No. 72 WO No. 1202941

51. Work Order History Comprehensive Machine No. 72 WO No. 1186561

52. Work Order History Comprehensive Machine No. 72 WO No. 1201707

53. Work Order History Comprehensive Machine No. 72 WO No. 1201054

54. Work Order History Comprehensive Machine No. 72 WO No. 1201026

55. Work Order History Comprehensive Machine No. 72 WO No. 1200793

56. Work Order History Comprehensive Machine No. 72 WO No. 1199327

57. Work Order History Comprehensive Machine No. 72 WO No. 1199295

58. Work Order History Comprehensive Machine No. 72 WO No. 1199046

59. Work Order History Comprehensive Machine No. 72 WO No. 1198151

60. Work Order History Comprehensive Machine No. 72 WO No. 1197784

61. Work Order History Comprehensive Machine No. 72 WO No. 1196790

62. Work Order History Comprehensive Machine No. 72 WO No. 1196760

63. Work Order History Comprehensive Machine No. 72 WO No. 1196561

64. Work Order History Comprehensive Machine No. 72 WO No. 1205317

65. Termination Letter November 11, 2005 to Plaintiff from Geoffrey McVey

66. LCHRC Recorded Statement of Maris Tshudy

67. HACC Certificate of Completion to Plaintiff for AMA First Line Supervision

68. Lancaster County Career & Technology Center Certification to Plaintiff for PLC

69. Written Promise of Training Recorded by Defendant Moore (Human Resources)

70. 9/9/05 Note "No Promotion"

71. LCHRC Notices Right To Bring Legal Action Docket No. 128-2005 and Docket No. 154-2005

72. Unemployment Compensation Board of Review Decision Mailing Date April 13, 2006

73. Unemployment Compensation Board of Review Transcript of Testimony

74. Defendants Answer to Amended Complaint 06-CV-4926

75. Defendant Anvil International's Answers to Plaintiff's Interrogatories

76. Promotion Pam Lightner from Tech to Machine Shop Supervisor

77. Steve Hatfield Performance Reviews

78. LCHRC Merit Letter of Probable Cause Discrimination and Retaliation founded by Adrian Garcia

79. Medical Records of Mountville Family Practice

80. OVR Report prepared by Marlene Sloat of Life Management Associates

81. Curriculum Vita for Psychologist Dr. Eugene Homan

82. Profit Statement/Financial Worth Anvil International Inc. 2005 to 2009

83. Union Bargaining Agreement

84. Plaintiff's 2004 Tax Statements

85. Plaintiff's 2005 Tax Statements

86. Plaintiff's 2006 Tax Statements

87. Plaintiff's 2007 Tax Statements

88. Plaintiff's 2008 Tax Statements (not yet prepared or available)

**VI.  LIEU OF LIVE TESTIMONY**

Plaintiff reserves the right to present the trial testimony of Dr. Parke by video-taped deposition.

**VII.  ESTIMATED DAYS FOR TRIAL**

four to five full days

**VIII.  SPECIAL COMMENTS**

Plaintiff is agreeable to attend a settlement conference.

Plaintiff reserves the right to file timely objections and motions in limine upon receipt of the Defendants' Pretrial Memorandum.

Plaintiff shall offer deposition testimony for management that resides outside of the Commonwealth of Pennsylvania if Defendant Anvil does not agree to otherwise produce the witnesses at trial.

                              Respectfully submitted:

                              *ss/Nina B. Shapiro*
                              Nina B. Shapiro, Esquire
                              Attorney for Plaintiff
                              ID # 44040
                              53 North Duke Street, Suite 201
                              Lancaster, PA  17602
                              717-399-8720
                              bgdnbs@aol.com

## CERTIFICATE  OF  SERVICE

I HEREBY CERTIFY that Plaintiff' Pretrial Memo was served electronically and by first class mail on the following individual or agent for the defendants addressed to:

                      John L. Senft, Esquire
                      Senft Law Firm LLC
                      Codorus Valley Corporate Center
                      105 Leader Heights Road, Suite 2
                      York, PA  17403

DATE:  January 20, 2009

                              *ss/Nina B. Shapiro*
                              Nina B. Shapiro, Esquire
                              Attorney for Plaintiff ID# 44040
                              53 North Duke Street, Suite 201
                              Lancaster, PA  17602
                              717-399-8720
                              bgdnbs@aol.com